IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT DAVIS,

                             Plaintiff,

          v.                                      CASE NO. 19-3051-SAC

KIRK THOMPSON,

                             Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Robert Davis, a person involuntarily committed under the Kansas Sexually Violent Predator Act (KSVPA) and being held at the Larned State Hospital in Larned, Kansas, brings this *pro se* civil rights action. By order dated June 19, 2019, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief may be granted, or, in the alternative, to file an amended complaint curing the deficiencies with the original complaint. Before the Court is Plaintiff's amended complaint (ECF No. 8).

As it did with the original complaint, the Court must conduct an initial review of the amended complaint. While the amended complaint cures the deficiency with the original complaint identified by the Court in its order, the amended complaint suffers from additional deficiencies that cause it to be subject to dismissal.

**Nature of the Matter before the Court**

Plaintiff's amended complaint challenges the constitutionality of the Kansas Offender Registration Act, K.S.A. 22-4901, *et seq*. ("KORA"). Plaintiff is currently involuntarily

committed to the Sexual Predator Treatment Program ("SPTP") at Larned State Hospital. Plaintiff names as defendant Kirk Thompson, Director of the Kansas Bureau of Investigation.

Plaintiff brings six (6) counts. For Count I, Plaintiff alleges KORA violates the First Amendment because of punishment that stems from public dissemination of his biographical information through the internet. Count II claims KORA violates Plaintiff's Fourth Amendment rights because it forces him to relinquish personal information to law enforcement without a search warrant. Count III argues KORA violates Plaintiff's constitutional rights because it is a bill of attainder. Count IV alleges KORA violates the double jeopardy and ex post facto clauses of the Fifth Amendment. Count V claims KORA violates Plaintiff's equal protection rights under the Fourteenth Amendment because he is required to register for a longer period of time than other offenders. Last, Count VI contends KORA is punitive and its application violates Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff seeks declaratory relief finding KORA unconstitutional, unspecified injunctive relief, and monetary damages.

**Statutory Screening of Prisoner Complaints**

With any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d

910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

3

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**Discussion**

After reviewing Plaintiff's amended complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915(e).

**Count I**

Plaintiff alleges KORA violates the First Amendment because of punishment that stems from public dissemination of his biographical information through the internet.

It is unclear how Plaintiff claims his First Amendment rights have been violated. Rather, it seems he is arguing the public dissemination of his personal information on the internet as provided for by KORA results in punishment. The question of whether KORA is punitive is key to Plaintiff's ex post facto, double jeopardy, bill of attainder, and Eighth Amendment claims as well, and the determination is made by applying the intent-effects test outlined by the U.S. Supreme Court in *Smith v. Doe,* 538 U.S. 84 (2003). In *Smith*, the court rejected an ex post facto challenge to Alaska's offender registration law. The court first looked at whether the legislature intended the law to establish civil proceedings or to impose punishment. *Id.* at 92. Because it found the intent was not punitive, it next looked at the law's effect on the individual challenging it. *Id.* at 97. The court explained that only if the "the clearest proof" shows the effect is punitive can the legislative intent be overridden. *Id.* at 92.

While *Smith* applied the intent-effects test in the context of an ex post facto challenge, "there exists no analytical distinction between or among the different constitutional contexts in which the question of punishment versus a civil regulatory scheme can arise." *State v. Peterson-Beard*, 377 P.3d 1127, 1130-31 (Kan. 2016). "The common inquiry across the [Supreme] Court's

Eighth Amendment, ex post facto, and double jeopardy jurisprudence is determining whether the government's sanction is punitive in nature and intended to serve as punishment." *Id.* (quoting *Hinds v. Lynch,* 790 F.3d 259, 264 n. 5 (1st Cir. 2015)).

Courts applying the intent-effects test to KORA have consistently found that the Kansas Legislature's intent was to create a nonpunitive, civil regulatory scheme. *See, e.g.*, *State v. Myers*, 923 P.2d 1024 (Kan. 1996) (holding that the legislative history of KORA shows a nonpunitive purpose of public safety); *State v. Simmons*, 329 P.3d 523 (2014) (holding that duty to register is a civil penalty that is remedial in nature and intended to promote public safety, not to impose punishment). Moving to the second prong of the test, courts have consistently refused to find the effects of KORA override the nonpunitive intent. *See State v. Peterson-Beard*, 377 P.3d 1127 (Kan. 2016) (the Legislature did not intend for KORA's lifetime sex offender registration scheme to be punitive, and the burdens imposed by KORA's registration requirements were not so onerous as to constitute punishment); *see also State v. Meredith*, 399 P.3d 859 (Kan. 2017) ("[T]here is insufficient proof of the punitive effects of KORA on the class of sex offenders to override the nonpunitive legislative intent."); *State v. Huey*, 399 P.3d 211, 215 (Kan. 2017); *State v. Watkins*, 401 P.3d 607, 608 (Kan. 2017); *State v. Johnson,* No. 111,550, 2015 WL 1124674, *5-6 (Kan. App. 2015) (unpublished) (KORA not punitive).

Plaintiff has failed to include any allegations that cause the Court to disagree with the cited holdings and find KORA to be punitive in this case.

While not clear from the amended complaint, it may be Plaintiff is contending that KORA violates the First Amendment because it forces him to speak, or to reveal personal information he would prefer to keep private. In general, the First Amendment "'prohibits the government from telling people what they must say.'" *Agency for Int'l Dev. v. Alliance for Open Society Int'l, Inc.*,

570 U.S. 205, 213 (2013) (quoting *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 61 (2006) (further citations omitted)). The question of whether the compelled speech resulting from registration statutes such as KORA violates the Constitution was recently considered by Judge Crabtree of this court in *United States v. Fox*, 286 F. Supp. 3d 1219, 1221–24 (D. Kan. 2018). The statute at issue in *Fox* was the federal Sex Offender Registration and Notification Act (SORNA), and Judge Crabtree found that SORNA did not compel speech in violation of the First Amendment: "Yes, SORNA compelled [the plaintiff] to speak. But the law serves a compelling government interest and does so in a narrowly tailored fashion. It does not offend the First Amendment." *Id.* at 1224. In reaching this conclusion, the court adopted the reasoning of the Fifth Circuit in *United States v. Arnold*, 740 F.3d 1032, 1034 (5th Cir. 2014), and applied the holding of the Supreme Court in *Riley v. National Federation of the Blind of North Carolina, Inc.*, 487 U.S. 781, 798 (1988). Likewise, if Plaintiff is attempting to claim that KORA offends the First Amendment as a result of compelled speech, such claim fails.

For these reasons, Count I of the amended complaint must be dismissed.

## Count II

Plaintiff claims KORA violates his Fourth Amendment rights because it forces him to relinquish personal information to law enforcement without a search warrant.

The Fourth Amendment prohibits unreasonable searches and seizures. Being forced to provide information is not a search or a seizure. Rather, it more properly would fall under the compelled speech doctrine discussed and rejected above. However, even if we assume for the sake of argument that KORA's requirements subject Plaintiff to a search or seizure for Fourth Amendment purposes, any such search or seizure is not unreasonable because it "serve[s] special needs such as the protection of potential future victims and the solving of crimes in the future and

purport[s] neither to facilitate the investigation of any specific crime nor primarily to serve a general interest in crime control." *See Doe v. Cuomo*, 755 F.3d 105, 115 (2nd Cir. 2014) (considering whether the registration requirements of New York's Sex Offender Registration Act violate the Fourth Amendment).

Plaintiff fails to state an actionable claim in Count II of the amended complaint.

## Count III

Plaintiff argues KORA violates his constitutional rights because it is a bill of attainder.

A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without ... the protections of a judicial trial." *Nixon v. Adm'r of Gen. Services,* 433 U.S. 425, 468 (1977). A law will rise to the level of "legislative punishment" if it fails to further a non-punitive purpose or is based on a legislative intent to punish. *Citizens for Equal Prot. v. Bruning,* 455 F.3d 859, 869 (8th Cir. 2006) (internal citations omitted).

As discussed above, KORA was not based on a legislative intent to punish. Moreover, it was enacted for and furthers a non-punitive purpose. Consequently, KORA is not a bill of attainder, and Count III fails to state a claim.

## Count IV

Plaintiff alleges KORA violates the double jeopardy and ex post facto clauses of the Fifth Amendment.

The Double Jeopardy Clause of the Fifth Amendment protects defendants from repeated prosecutions or multiple punishments for the same offense. *United States v. McAleer*, 138 F.3d 852, 855 (10th Cir. 1998) (citing *United States v. Dinitz,* 424 U.S. 600, 606 (1976)). The Ex Post Facto Clause is found in Article I, § 10 of the U.S. Constitution and prohibits the imposition of laws that make more burdensome the punishment for a crime after its commission. *Collins v.*

*Youngblood*, 497 U.S. 37, 52 (1990); *see also Femedeer v. Haun,* 227 F.3d 1244, 1248 (10th Cir. 2000). Thus, the threshold inquiry in this case for assessing either a double jeopardy or an ex post facto violation is whether KORA imposes criminal punishment. *See Petersen-Beard*, 377 P.3d. at 1130-31.

As discussed under Count I above, KORA is not a criminal statute, and the Kansas Legislature intended KORA to be nonpunitive. Nor is KORA "so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty" particularly where "[o]nly the clearest proof will suffice to override legislative intent." *Hudson v. United States,* 522 U.S. 93, 99, 100 (1997) (internal quotation marks, brackets, and citation omitted).

Courts have repeatedly applied the intent-effects test and refused to find KORA punitive (*see supra*). Plaintiff has alleged nothing in his amended complaint that indicates he is doing more than rehashing previously rejected arguments. Count IV is therefore dismissed.

**Count V**

Plaintiff claims KORA violates his equal protection rights under the Fourteenth Amendment because he is required to register for a longer period of time than other offenders.

The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law and guarantees that similarly situated persons be treated equally. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to prove an equal protection violation, Plaintiff must demonstrate that "[he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).

Plaintiff fails to demonstrate or do anything more than make the bald assertion that he was treated differently than other offenders. Even if he had, the hypothetically differential treatment does not implicate a protected suspect class and therefore, KORA must survive only rational-basis review. *City of New Orleans v. Dukes,* 427 U.S. 297, 303 (1976) (listing the protected suspect classes as race, religion or alienage); *Cutshall v. Sundquist,* 193 F.3d 466, 482 (6th Cir. 1999) (convicted sex offenders are not a suspect class). Therefore, KORA is valid if it bears a rational relation to a legitimate government interest. *Dukes,* 427 U.S. at 303. Given KORA's legislative purpose of promoting public safety, the Court cannot say that KORA is irrational. *See Cutshall,* 193 F.3d at 482 (dismissing claim that sex offender registration act violated plaintiff's equal protection rights); *Does v. Munoz*, 507 F.3d 961, 966 (6th Cir. 2007) (same); *see also Johnson v. Terhune*, 184 F. App'x 622, 624 (9th Cir. 2006); *United States v. Harding,* 971 F.2d 410, 412 (9th Cir. 1992).

Accordingly, Plaintiff fails to set forth an equal protection claim, and Count V must be dismissed.

## Count VI

Plaintiff contends KORA is punitive and its application violates his Eighth Amendment right to be free from cruel and unusual punishment.

As discussed above, the legislative intent of KORA was nonpunitive, and the effect on sex offenders is also nonpunitive. Plaintiff has alleged nothing new to demonstrate a punitive effect sufficient to override the nonpunitive legislative intent. Therefore, Plaintiff fails to state a claim under the Eighth Amendment.

**Conclusion**

For the above-stated reasons, Plaintiff has not stated a claim upon which relief may be granted in this Court. Therefore, the amended complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint is **dismissed** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

DATED: This 26th day of November, 2019, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U.S. Senior District Judge**